

**FILED**
July 07, 2026 08:16 AM
SX-2025-CR-00156
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS,<br>Plaintiff,<br>v.<br>ANGELO JAVIER CARMONA,<br>Defendant. | **CASE NO.: SX-2025-CR-00156**<br>MURDER IN THE FIRST DEGREE;<br>MURDER ASSAULT IN THE FIRST DEGREE;<br>ASSAULT IN THE THIRD DEGREE;<br>RECKLESS ENDANGERMENT;<br>ROBBERY IN THE FIRST DEGREE;<br>UNAUTHORIZED POSSESSION OF A FIREARM DURING THE COMMISSION OF A CRIME OF VIOLENCE;<br>POSSESSION OF AMMUNITION. |

**2026 VI SUPER 30**

**JASMINE A. GRIFFIN, Esq.**
Assistant Attorney General
Virgin Islands Department of Justice
St. Croix, U.S.V.I.
*For the People*

**DWAYNE HENRY, Esq.**
**SONSIREZ E. ROBLES, Esq.**
Assistant Territorial Public Defender
St. Croix, U.S.V.I.
*For the Defendant*

*Venetia Harvey Velazquez, J.*

**MEMORANDUM OPINION AND ORDER**

¶1    **THIS MATTER** is before the Court on Defendant's Motion to Dismiss Counts I and II of the Information, charging Murder in the First Degree pursuant to 14 V.I.C. § 922(a). As bases for the Motion, Defendant argues the First Degree murder charges must be dismissed where the mandatory statutory penalty for that crime is life imprisonment without the possibility of parole. That, Defendant argues, renders the statute unconstitutional as applied to him under the Eighth Amendment of the United States Constitution and cases interpreting the Eighth Amendment. The

People opposed the Motion to Dismiss. For the reasons that follow, the Motion to Dismiss will be Denied.

## BACKGROUND

¶2     On or about June 5, 2025 Angelo Javier Carmona ("Carmona" or "Defendant") was arrested in connection with the shooting death of another in Christiansted. St. Croix. Carmona was 15 years old at the time of the alleged offenses. Given his age, Carmona was advised of his rights before the Family Division on June 6, 2025. Following a transfer hearing on June 25, 2025, Carmona was transferred to be tried as an adult, in the Criminal Division.

¶3     On June 26, 2025, the People charged Carmona in a nine-count Information, with:  First Degree Murder pursuant to 14 V.I.C. § 922(a)(1) (Count I),  First Degree Murder pursuant to 14 V.I.C. § 922(a)(2) (Count II); Assault in the First Degree, pursuant to 14 V.I.C. § 295(1); Assault in the Third Degree (2 counts), pursuant to 14 V.I.C. § 297 (a)(2);  Reckless  Endangerment, pursuant to 14 V.I.C. § 625 (a)(b); Robbery in the First Degree, pursuant to 14 V.I.C. §1862 (1); Unauthorized Possession of a Firearm During the Commission of a Crime of Violence, pursuant to 14 V.I.C. § 2253 (a); Possession of Ammunition, pursuant to 14 V.I.C. § 2256 (a).

## DISCUSSION

¶4     Defendant moved to dismiss the charges of Murder in the First Degree, arguing that, as applied to a juvenile offender, a conviction under those counts would result in an unlawful sentence, given the mandatory penalty of life without parole as to that charge.  Relying on *Miller v. Alabama,* 567 U.S. 460, 465 (2012), Defendant asserts that because sentencing under the first degree murder statute is unconstitutional, the People are foreclosed from even bringing a charge under that statute. *See* Def's Mot. to Dismiss at 3.  The People oppose the Motion, arguing that, while U.S. Supreme Court jurisprudence prohibits automatic, mandatory sentencing of life imprisonment without parole, there is no absolute preclusion to such sentencing; rather, the People argue, the Court must consider the specific traits of the juvenile defendant in crafting an appropriate sentence. *See* Pl.'s Opp. To Mot. to Dismiss, at 2-3. The question thus before this Court is whether, given his youth, the prosecution of Carmona for the offense of Murder in the First Degree offends the Eighth Amendment's proscription against cruel and unusual punishment,

under the U.S. Supreme Court's decision in *Miller v. Alabama,* where that crime is punishable by life imprisonment without the possibility of parole under Virgin Islands law.[1]

¶5     In *Miller v. Alabama*, the Court heard a post-sentence challenge to two juvenile offenders who were convicted of murder and sentenced to life imprisonment without the possibility of parole under a mandatory sentencing provision. *Miller v. United States*, 567 U.S. 460 (2012). There, the high Court underscored that sentencing must be proportional to the crime and must be individualized to the defendant. *Id.* (collecting cases). Thus, while emphasizing that a "categorical bar" of such mandatory life without parole sentences for juveniles applies only to non-homicide cases, the Court held that such sentences *may* nonetheless violate the Eighth Amendment where they leave no room for individualized considerations. *Id.* at 470-474 (citations omitted). In sum, the Court determined that the specific traits and attributes of the juvenile offender must be weighed as mitigating circumstances and held that mandatory sentences that remove the ability of the sentencer to weigh such considerations may, indeed, result in unconstitutional sentences. Therefore, as the People argue, *Miller* does not stand for the proposition that a juvenile may never be *sentenced* to life without parole. What is required is that the Court first consider individual characteristics as mitigating factors.

¶6     Significantly, unlike the instant case, the *Miller* Court decided a post-sentencing challenge under the Eighth Amendment. However, the Defendant's arguments in this case centers on another issue: that is, is the People precluded from altogether *charging* a youthful offender with an offense for which the penalty is life imprisonment without the possibility of parole. The defense ultimately asks this Court to determine, at the pretrial stage, that a penalty provision that has not yet ripened (and which may never ripen) is unconstitutional. On that issue, this Court is also not without guidance.

¶7     Faced with an analogous pretrial challenge to the transfer of a juvenile to adult criminal court to face a charge of first degree murder under 14 V.I.C. § 922 and 923 (a), the Supreme Court of the Virgin Islands declined to reach what it deemed a sentencing challenge, holding that the

---

[1] Title 14, section 923(a), of the Virgin Islands Code is the sentencing provision for first degree murder under § 922 and reads in pertinent part: "Whoever commits murder in the first degree shall be imprisoned for the remainder of his natural life without parole."

issue had not ripened – and would not ripen, until sentencing. *People of the V.I. ex rel. K.J.F.*, 59 V.I. 333, 340 (V.I. 2013). On those grounds alone, the Defendant's motion to dismiss may be denied. However, the reasoning of the *K.J.F.* Court is additionally instructive to the merits of the Defendant's argument. There, while acknowledging that under *Miller* it would be unlawful for a juvenile to be sentenced under § 923 without regard to the proportionality factors identified in that decision, the Court reasoned that, "Nothing in *Miller* suggests that a court that finds that there is probable cause that a minor committed first-degree murder cannot bind that minor over to the Criminal Division for trial." *Id.* The Court's reasoning is an apparent recognition that a juvenile may be prosecuted under the first degree murder statute.

¶8     In *Williams v. People of the V.I.*, a youthful offender was convicted of first-degree murder (and other crimes) and sentenced to life without parole pursuant to §923. *See Williams*, 59 V.I. 1024 (V.I. 2013) (*Williams I*). Williams was sentenced approximately one month before the U.S. Supreme Court decided *Miller*, and after the decision Williams appealed his conviction on Eighth Amendment grounds. *Id.* at 1030. The Virgin Islands Supreme Court upheld Williams's convictions but remanded for re-sentencing on the first-degree murder count in light of *Miller*. *Id.* at 1040-41. However, in directing that the lower court appropriately consider the *Miller* factors at resentencing, the Supreme Court further made clear that a sentencing determination could, in fact, include life without parole, if deemed appropriate and supported by appropriate findings by the court, as follows:

> And while the Eighth Amendment does not categorically prohibit a sentence of life without parole for juveniles convicted of first-degree murder, . . . , such a sentence should be uncommon. <u>But if the court does find this case warrants a sentence of life without parole, it should make findings discussing why the general rule does not apply</u> ... [that] <u>go beyond a mere recitation of the nature of the crime.</u>

*Williams*, 59 VI. at 1042 (emphasis added) (internal citations and quotations omitted).

¶9     In a later decision, the Supreme Court further underscored that there exists no absolute preclusion to the statutory sentence and pointed to the high Court's narrowed construction of its decision in *Miller*, that permits a state to "remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them" and, further, by acknowledging that juvenile offenders "who have shown an inability to reform will continue to serve life sentences." *Williams v. People of the V.I.*, 64 V.I. 618, 626 (2016)(*Williams II*) *(quoting*

*Montgomery v. Louisiana*, 136 S.Ct. 718, 736 (2016)). Thus, the *Williams II* Court affirmed the trial court's severance of the "*without parole*" provision in 14 V.I.C. § 923 (a) and entry of an amended judgment to provide a sentence of life imprisonment "*with*" the possibility of parole. *Id.*

¶10    Relying, in part, on the reasoning in *Williams I*, a trial court similarly rejected the argument that a juvenile could not be charged with, and prosecuted for, first degree murder in the Virgin Islands in light of its penalty provision, holding that a juvenile simply may not be automatically sentenced to life imprisonment without parole. *People of the V.I. v. Colon*, 60 V.I. 149, 157 (Super. Ct. 2014).

¶11    The decisions of our courts, as set forth above, are consistent with the holding and rationale in *Miller* and its progeny, requiring courts to impose individualized sentences for juvenile offenders, and which permit severance of an offending penalty provision as appropriate. What is also clear from those decisions, however, is that a juvenile may in fact be sentenced to life imprisonment without parole under appropriate circumstances, as warranted by the findings of the court. The Defendant's arguments in the Motion to Dismiss find no support in our jurisprudence, and it is no surprise that the motion cites to no supporting legal authority for the notion that a youthful defendant categorically cannot be charged with the offense of first-degree murder under Virgin Islands law. The Defendant's Motion to Dismiss Counts I and II of the Information, on Eighth Amendment grounds, will accordingly be denied. The premises having been fully considered, it is hereby

¶12    **ORDERED** that the Defendant's Motion to Dismiss the charges of Murder in the First Degree, as set forth in Counts I and II of the Information, is **DENIED**.

¶13    **SO ORDERED** this ⁷⁷ᵗʰ day of July, 2026.

<br>

HON. VENETIA HARVEY VELÁZQUEZ
Judge

<br>

**ATTEST:**
TAMARA CHARLES
Clerk of the Court
By: _____
Court Clerk II
Dated: ___7/7/2026___